MARK C. BURNSIDE (State Bar No. 323824)
markburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
AMAZON.COM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHMET GOCERI AND TUGBA GOCERI,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 5:23-cv-06069-SVK<br><br>**DEFENDANT AMAZON'S REPLY TO MOTION TO COMPEL ARBITRATION**<br><br>**Assigned to District Court Judge P. Casey Pitts**<br>**Referred to Magistrate Judge Susan van Keulen**<br><br>**Date:** January 16, 2024<br>**Time:** 10:00 a.m.<br>**Courtroom:** 6 |



Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

**REPLY TO MOTION TO COMPEL ARBITRATION**

## I. INTRODUCTION

In their opposition to Amazon's Motion to Compel Arbitration, Plaintiffs mostly copy and paste, word-for-word the allegations of their Complaint. They cite no cases to support their position and provide no argument (much less authority) to address the governing facts and law that require arbitration of their claims. Plaintiffs do not dispute they agreed to the Amazon Business Solutions Agreement (BSA), which is the operative agreement between the parties and mandates arbitration. Nor could they, as they admit in their Complaint that they entered into and agreed to the BSA as the contract governing their seller account in the Amazon.com store. Plaintiffs further assert a breach of contract claim based on this agreement, conceding the BSA forms a binding and enforceable contract between the parties. Given that Plaintiffs agreed to the BSA and are suing based on purported breaches of that agreement, the Court should compel arbitration in accordance with the terms of that agreement and the FAA.

## II. THE COURT SHOULD COMPEL ARBITRATION PURSUANT TO THE PARTIES' AGREEMENT TO ARBITRATE

The Court's inquiry here is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). When those two elements are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Plaintiffs' Opposition wholly fails to dispute, let alone refute, Amazon's evidence establishing both elements here.

### A. Plaintiffs Entered a Valid Agreement to Arbitrate

As explained in Amazon's Motion, Plaintiffs registered an Amazon seller account under the store name of "Spring Design LLC." ECF No. 5, Ariwaodo Decl. ¶ 5; Compl. at 2. In doing so, Plaintiffs accepted to the terms of the BSA by clicking a button stating that they agreed to the contract terms (commonly referred to as a "clickwrap" agreement). ECF No. 5, Ariwaodo Decl. ¶ 4. The BSA includes a mandatory arbitration provision:



Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

> **Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration, as described in this paragraph, rather than in court[.]**

*Id*., Ex. B ("BSA") ¶ 18 (emphasis in original). Courts routinely find that this seller registration process forms a binding agreement to arbitrate between Amazon and third-party sellers like Plaintiffs. *See, e.g., Peters v. Amazon Services, LLC*, 2 F. Supp. 3d 1165, 1170-72 (W.D. Wash. 2013), *aff'd*, 669 Fed. App'x. 487 (9th Cir. Oct. 13, 2016); *Shenzen Shileziyou Techs. Co. v. Amazon.com, Inc*., 2021 WL 5848062, at *3 (N.D. Cal. 2021).

In no pleading—including Plaintiffs' opposition to the present motion—have Plaintiffs disputed that they assented to the terms of the BSA when they created their account. In fact, Plaintiffs' opposition expressly argues that "***Amazon entered a contract with Spring Design LLC*** when Spring Design LLC agreed to Amazon's policies and procedure for selling on its online marketplace." ECF No. 10 at 2 (emphasis added). Courts recognize that users who enter into "clickwrap" agreements have manifested assent to arbitration agreements if the agreements include a button staying that they agree to the contract terms. *See, e.g., Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, 2020 WL 6528422, at *3 (C.D. Cal. Oct. 20, 2020) (enforcing arbitration agreement because agent of party "click[ed] on a dialog box on the screen to proceed with the transaction") (quoting 15B Am. Jur. 2d Computers and the Internet § 105); *Doe v. Project Fair Bid Inc.*, 2011 WL 3516073, at *4 (W.D. Wash. Aug. 11, 2011) ("This kind of 'clickwrap' agreement has been upheld in several cases in this circuit and elsewhere."); *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2-3, 6 (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement because plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box"); *Riensche v. Cingular Wireless, LLC*, 2006 WL 3827477, at *2 (W.D. Wash. Dec. 27, 2006) (compelling arbitration where plaintiff "was required to agree to the Terms online").

Accordingly, the threshold issue of an agreement to arbitrate is therefore conceded, and established by Amazon's undisputed evidence.



Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

### B. The Arbitration Agreement Covers this Dispute.

Plaintiffs also do not dispute that their arbitration agreement with Amazon encompasses their claims. Nor could they, as Plaintiffs' broad agreement to arbitrate covers "**any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services.**" BSA ¶ 18 (emphasis in original). In this action, Plaintiffs seek funds that Amazon has allegedly declined to disburse from their Amazon seller account. Indeed, Plaintiffs claim that "***Amazon breached its contractual obligations*** to Spring Design LLC by failing to release" the allegedly withheld funds. ECF No. 10 at 3 (emphasis added). All Plaintiffs' claims relate to their Amazon seller account and the agreement that governs the parties' relationship. Those claims fall squarely within the BSA's arbitration agreement.

### C. Plaintiffs Delegated all Remaining Issues to the Arbitrator.

Because Plaintiffs concede that they agreed to arbitrate and that all their claims fall within the scope of that agreement, this case should be compelled to arbitration based on controlling law. *See Dean Witter*, 470 U.S. at 218; *Chiron Corp.*, 207 F.3d at 1130. There is nothing more for the Court to decide because the BSA contained a delegation provision leaving any dispute over the enforceability of the BSA for the arbitrator to decide. *See Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).

Plaintiffs' contemporaneously filed declaration is riddled with legal arguments and unsupported conclusions. In this filing, Plaintiffs argue that the arbitration process, as a whole, is unfair to parties like Plaintiffs, and therefore the Court should step in and decline to enforce the binding contract between the parties. ECF No. 9 at 3-5.[1] The U.S. Supreme Court and other governing authority have rejected the unsupported claims Plaintiffs advance. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348-49 (2011) (describing the arbitration process); *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (affirming that the FAA trumps "state public policy . . . that [ ] prohibits the arbitration of a particular type of claim") (quotation marks

---

[1] Plaintiffs also argue removal was improper because federal question jurisdiction does not exist in this case. ECF No. 9 at 2. As described in more detail in Amazon's notice of removal, the removal was based not on federal question jurisdiction, but diversity jurisdiction, and was therefore proper. ECF No. ¶¶ 9-13 (citing to 28 U.S.C. § 1332(a)(1) and outlining how the diversity and amount-in-controversy requirements were satisfied here).


Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

omitted). But regardless, any dispute over the enforceability of the BSA has been delegated to the arbitrator to decide, this argument can be summarily rejected.

Accordingly, Plaintiffs' declaration has no bearing on the Court's resolution of the Motion, independent of the plain defects of raising legal arguments outside the scope of a proper declaration.

## III. CONCLUSION

Plaintiffs concede they agreed to the BSA, which contains a mandatory arbitration agreement. And the broad scope of the arbitration agreement plainly covers this dispute. The Court should therefore compel arbitration and dismiss this action so that the parties may proceed in arbitration, 9 U.S.C. §§ 3, 4.

DATED: December 20, 2023

DAVIS WRIGHT TREMAINE LLP

By: /s/ Mark C. Burnside
Mark C. Burnside

*Attorneys for Defendant*
*Amazon.com, Inc.*



Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

**PROOF OF SERVICE BY U.S. MAIL**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On December 20, 2023, I served the foregoing document(s) described as:

**DEFENDANT AMAZON'S REPLY TO MOTION TO COMPEL ARBITRATION** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Mehmet Goceri
Tugba Goceri
4350 Will Roger Drive
San Jose, CA 95129

Telephone: (949) 336-2739

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on December 20, 2023, at Los Angeles, California.

☐ Federal — I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Shari Sanders | Shari Sanders |
|---|---|
| Print Name | Signature |



Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax