1  MARK C. BURNSIDE (State Bar No. 323824)
      markburnside@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
3  865 South Figueroa Street, 24th Floor
   Los Angeles, California  90017-2566
4  Telephone:  (213) 633-6800
   Fax:  (213) 633-6899
5
   Attorneys for Defendant
6  AMAZON.COM INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MEHMET GOCERI AND TUGBA GOCERI,      Case No. 5:23-cv-06069-PCP

12                         Plaintiffs,    **DEFENDANT AMAZON'S NOTICE OF
                                          MOTION AND RENEWED MOTION TO
13          v.                            COMPEL ARBITRATION;
                                          MEMORANDUM OF POINTS AND
14  AMAZON.COM, INC.,                     AUTHORITIES**

15                         Defendant.     [*Declaration of Yoka Ariwaodo and Proposed
                                          Order Filed Concurrently*]
16
                                          **Assigned to Honorable P. Casey Pitts**
17
                                          **Date:**     March 14, 2024
18                                        **Time:**     10:00 a.m.
                                          **Courtroom:**  8
19

20

21

22

23

24

25

26

27

28

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on March 14, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-captioned Court located at San Jose Courthouse, 4th Floor, 280 South First Street, San Jose, CA 95113, Defendant Amazon.com, Inc. ("Amazon")[1] will move the Court for an order compelling arbitration and dismissing this action filed by Plaintiffs Mehmet Goceri and Tugba Goceri. ("Plaintiffs").

  This Motion is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, on the grounds that the Amazon Services Business Solutions Agreement ("BSA") entered into between Plaintiffs and Amazon contains a mandatory arbitration provision encompassing this dispute. The BSA requires the parties to resolve any and all disputes between them in arbitration in accordance with the rules of the American Arbitration Association ("AAA"), which delegates to the arbitrator any threshold disputes over arbitrability. Plaintiffs' claims against Amazon are therefore subject to binding arbitration and any challenges to arbitrability should be decided by the arbitrator.

  This Motion is based upon this notice, the attached memorandum of points and authorities, the pleadings and records on file, the Declaration of Yoka Ariwaodo ("Ariwaodo Decl.") and their attached exhibits, and upon such other and further matters as may be presented before or at the hearing.

DATED: January 30, 2024

             DAVIS WRIGHT TREMAINE LLP

             By: _/s/ Mark C. Burnside_
               Mark C. Burnside

             *Attorney for Defendant*
             *Amazon.com Services LLC*

---

[1] In the Complaint, Plaintiffs Mehmet Goceri and Tugba Goceri incorrectly identified "Amazon.com, Inc." as a party to this action. The correct Defendant, and entity with which Plaintiffs did business and contracted in the United States, is Amazon.com Services LLC.

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   FACTUAL BACKGROUND........................................................................................2

      A.    The Amazon.com Store and Third-Party Sellers. .....................................................2

      B.    Sellers Must Agree to the BSA to Register Seller Accounts. ..................................2

      C.    Plaintiffs Registered for an Account and Agreed to the BSA. ...............................3

      D.    The BSA Includes an Arbitration Agreement. .......................................................3

      E.    Plaintiffs Violated Amazon Policies, and Abused Customer Trust........................4

      F.    Plaintiffs Ignores Its Agreement to Arbitrate and Files Suit. ...............................4

III.  ARGUMENT.................................................................................................................5

      A.    The FAA Requires Enforcement of Arbitration Agreements.................................5

      B.    The Court Should Compel Arbitration of Plaintiffs' Claims.................................6

            1.    The Parties Agreed to Arbitrate Their Claims. ............................................6

            2.    The Arbitration Agreement Covers This Dispute.........................................9

                  a.    Plaintiffs Delegated Issues of Arbitrability to the Arbitrator. .........9

                  b.    Plaintiffs' Claims Fall Within the Scope of the Agreement. .........10

                  c.    Plaintiffs Cannot Avoid Its Agreement to Arbitrate.....................11

      C.    The Court Should Dismiss This Action.................................................................12

IV.   CONCLUSION............................................................................................................12

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
    570 U.S. 228 (2013).................................................................................................5

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011).................................................................................................5

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986).........................................................................................10, 11

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ...............................................................................9

*Brice v. Plain Green, LLC*,
    2021 WL 4203337 (9th Cir. Sept. 16, 2021) ..........................................................9

*Brinkley v. Monterey Fin. Servs., Inc.*,
    242 Cal. App. 4th 314 (2015) .................................................................................6

*Britton v. Co-op Banking Grp.*,
    4 F.3d 742 (9th Cir. 1993) ....................................................................................11

*Chiron Corp. v. Ortho Diagnostic Sys.*,
    207 F.3d 1126 (9th Cir. 2000) ..........................................................................6, 11

*Circuit City Stores, Inc. v. Adams*,
    532 U.S. 105 (2001).................................................................................................5

*Dean Witter Reynolds Inc. v. Byrd*,
    470 U.S. 213 (1985).................................................................................................6

*Doe v. Project Fair Bid Inc.*,
    2011 WL 3516073 (W.D. Wash. Aug. 11, 2011)....................................................7

*Fagerstrom v. Amazon.com, Inc.*,
    141 F. Supp. 3d 1051 (S.D. Cal. 2015)...................................................................5

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995).................................................................................................6

*Fordjour v. Washington Mut. Bank*,
    2008 WL 295092 (N.D. Cal. Feb. 1, 2008) .........................................................10

*Gerlach v. Tickmark Inc.*,
    2021 WL 3191692 (N.D. Cal. July 28, 2021) ......................................................10

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

*Gilbert Enters., Inc. v. Amazon.com*,
  2019 WL 6481697 (C.D. Cal. Sept. 23, 2019) ...................................................................8

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991)............................................................................................................5

*Green Tree Fin. Corp. v. Randolph*,
  531 U.S. 79 (2000)..........................................................................................................12

*Hatfield v. Halifax PLC*,
  564 F.3d 1177 (9th Cir. 2009) ..........................................................................................6

*Hauenstein v. Softwrap Ltd.*,
  2007 WL 2404624 (W.D. Wash. Aug. 17, 2007) ..............................................................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524 (2019)...................................................................................................9, 12

*Hofer v. Emley*,
  2019 WL 4575389 (N.D. Cal. Sept. 20, 2019) ..................................................................5

*Huff v. Liberty League Int'l, LLC*,
  2009 WL 1033788 (C.D. Cal. Apr. 4, 2009) ......................................................................7

*Hughes Elecs. Corp. v. Citibank Del.*,
  120 Cal. App. 4th 251 (2004) ...........................................................................................6

*In re Facebook Biometric Info. Privacy Litig.*,
  185 F. Supp. 3d 1155 (N.D. Cal. 2016)..........................................................................6, 7

*In re Wyze Data Incident Litig.*,
  2020 WL 6202724 (W.D. Wash. Oct. 22, 2020) ...............................................................7

*Johnson v. Maker Ecosystem Growth Holdings, Inc.*,
  2020 U.S. Dist. LEXIS 176923 (N.D. Cal. Sept. 25, 2020) ..............................................9

*KPMG LLP v. Cocchi*,
  565 U.S. 18 (2011) (*per curiam*) .......................................................................................5

*LeBoeuf v. Nvidia Corp.*,
  833 F. App'x 465 (9th Cir. 2021) ......................................................................................9

*LegalForce RAPC Worldwide, P.C. v. LegalZoom.com, Inc.*,
  2018 WL 1730333 (N.D. Cal. Apr. 10, 2018) .................................................................12

*Lucas v. Gund, Inc.*,
  450 F. Supp. 2d 1125 (C.D. Cal. 2006) .............................................................................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985).....................................................................................................5, 10

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ..................................................................................................... 11

*Oracle Am., Inc. v. Myriad Grp. A.G.*,
   724 F.3d 1069 (9th Cir. 2013) ................................................................................ 10

*Peters v. Amazon Servs., LLC*,
   2 F. Supp. 3d 1165 (W.D. Wash. 2013),
   *aff'd*, 669 F. App'x 487 (9th Cir. 2016) ....................................................... 1, 8, 11

*Preston v. Ferrer*,
   552 U.S. 346 (2008) .................................................................................................. 5

*Republic of Nicaragua v. Std. Fruit Co.*,
   937 F.2d 469 (9th Cir. 1991) .................................................................................. 10

*Richardson v. Taylor Land & Livestock Co.*,
   25 Wn. 2d 518 (1946) ............................................................................................... 9

*Riensche v. Cingular Wireless, LLC*,
   2006 WL 3827477 (W.D. Wash. Dec. 27, 2006) ...................................................... 7

*Satomi Owners Ass'n v. Satomi, LLC*,
   167 Wash. 2d 781 (2009) ....................................................................................... 12

*Shenzen Shileziyou Techs. Co. v. Amazon.com, Inc.*,
   2021 WL 5848062 (N.D. Cal. 2021) .................................................................... 1, 8

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999) .................................................................................. 11

*Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*,
   40 F. Supp. 3d 1191 (N.D. Cal. 2014) ..................................................................... 6

*U.S. v. Drew*,
   259 F.R.D. 449 (C.D. Cal. 2009) ............................................................................. 7

*Unicorn Global, Inc. v. Golabs, Inc.*,
   2021 WL 4712715 (N.D. Tex., 2021) ...................................................................... 8

*Volt Info. Scis. v. Bd. of Trs.*,
   489 U.S. 468 (1989) .................................................................................................. 5

**Statutes**

9 U.S.C.
   § 2 ............................................................................................................................. 5
   § 3 ............................................................................................................................. 6
   § 4 ............................................................................................................................. 6

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

Federal Arbitration Act..........................................................................................................*passim*

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs operated a third-party seller account in the Amazon.com store.  Plaintiffs admits that—like all Amazon third-party sellers—they agreed to the Amazon Services Business Solutions Agreement ("BSA") as a condition of selling in the Amazon.com store.  Indeed, Plaintiffs allege in their Complaint that Amazon purportedly breached the BSA, which governs the parties' relationship.  Plaintiffs also admits that the BSA requires compliance with Amazon's seller policies, including policies prohibiting the sale of counterfeit goods.  Plaintiffs violated these policies, selling inauthentic or counterfeit goods and deceptively listing products in an attempt to circumvent Amazon's safeguards to protect consumers.  As a result of these violations (and other misconduct), Amazon blocked Plaintiffs' seller account, as expressly authorized by the BSA governing the parties' commercial relationship.

Plaintiffs now seek to shirk responsibility for their misconduct and agreement with Amazon.  Plaintiffs filed suit in court against Amazon, asserting a breach of contract claim based on the BSA—ignoring the mandatory arbitration provision in that same contract requiring arbitration of this dispute.

Plaintiffs' claims must be resolved in arbitration.  In accepting the BSA, Plaintiffs agreed to arbitrate "any dispute with Amazon" and "any claim . . . relating in any way" to the BSA. This agreement to arbitrate is valid and enforceable under the Federal Arbitration Act ("FAA"), as courts have repeatedly held in enforcing the same arbitration agreement with other sellers. *See, e.g.*, *Peters v. Amazon Servs., LLC*, 2 F. Supp. 3d 1165, 1173 (W.D. Wash. 2013), *aff'd*, 669 F. App'x 487, 488 (9th Cir. 2016) (affirming order compelling arbitration because sellers "agreed to [the BSA], which contains an unambiguous agreement to arbitrate"); *Shenzen Shileziyou Techs. Co. v. Amazon.com, Inc*., 2021 WL 5848062, at *3 (N.D. Cal. 2021) (compelling arbitration of sellers' claims and enforcing the terms of the BSA on similar grounds).  Likewise, here, the Court should compel arbitration and dismiss this action based on the parties' arbitration agreement.

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

## II.    FACTUAL BACKGROUND

### A.    The Amazon.com Store and Third-Party Sellers.

Every day, millions of customers shop for all kinds of products in the Amazon's stores. (Declaration of Yoka Ariwaodo ("Ariwaodo Decl.") ¶ 2.)  And every day, Amazon works hard to earn and maintain the trust and satisfaction of all these customers.  (*Id.*)  Customers shopping in Amazon stores can purchase a wide variety of products, offered for sale by Amazon itself as well as by third party sellers, such as Plaintiffs, who list their own products for sale.  (*Id.* ¶ 3.)

### B.    Sellers Must Agree to the BSA to Register Seller Accounts.

To sell in the Amazon.com store, all third-party sellers must enter into and agree to abide by the BSA and its incorporated policies.  (Ariwaodo Decl. ¶ 4.)  Amazon provides all sellers an opportunity to review the BSA before they decide whether to accept it.  (*Id.*)  The seller registration process begins with the "Seller Agreement" page, where the seller provides their legal name and affirmatively agrees to the BSA.  (*Id.*, Ex. A.)  As shown below, the Seller Agreement page provides a clickable box, adjacent to the BSA hyperlink, where the seller states: "I have read and accepted the terms and conditions of the Amazon Services Business Solutions Agreement."  (*Id.* (blue underscored text hyperlinks to the BSA).)  If a seller does not accept the BSA, they cannot advance to the next page of the seller registration process, cannot create a seller account, and cannot sell on Amazon.  (*Id.*)

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

**C.      Plaintiffs Registered for an Account and Agreed to the BSA.**

Plaintiffs registered an Amazon seller account on June 14, 2019, under the name "Spring Design LLC."  (Ariwaodo Decl. ¶ 5.)  Plaintiffs accepted the March 2019 version of the BSA in effect at the time Plaintiffs registered for a seller account.  (*Id*. ¶ 6.)

**D.      The BSA Includes an Arbitration Agreement.**

The BSA that Plaintiffs accepted explains—in conspicuous bold text—that "any dispute" with Amazon or claim related "in any way" to the agreement or Plaintiffs' use of Amazon services must be resolved in arbitration:

> **Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court . . . .**

(Ariwaodo Decl. ¶ 7, Ex. B ¶ 18.)

The arbitration agreement goes on to explain the arbitration process and emphasizes that sellers retain the same substantive rights and can obtain the same relief in arbitration as in court:

> **There is no judge or jury in arbitration, and court review of an arbitration award is limited.  However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of this Agreement as a court would.**

(Ariwaodo Decl. ¶ 8, Ex. B ¶ 18.)

The agreement provides an inexpensive and efficient process for sellers to resolve any disputes with Amazon.  The BSA explains the process for filing a claim with the American Arbitration Association ("AAA"), which will administer the arbitration under its commercial rules.  (*See* Ariwaodo Decl. ¶ 9, Ex. B ¶ 18.)  The BSA also provides that disputes will be governed by the FAA and applicable federal law, and the laws of the State of Washington (where Amazon's principal place of business is located).[2]  (*See id*.)  While the BSA has been updated since Plaintiffs registered, the provisions described above—including the arbitration

---

[2] For sellers registered to sell in the U.S., like Plaintiffs, "Governing Laws" means "the laws of the State of Washington, United States together with the Federal Arbitration Act and other applicable federal law."  (Ariwaodo Decl. ¶ 6, Ex. B ¶ 18 at 9 (definitions).)

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

agreement—have remained materially the same throughout the life of Plaintiff's seller account. (Ariwaodo Decl. ¶¶ 6-7; Ex B.)

### E.   Plaintiffs Violated Amazon Policies, and Abused Customer Trust.

Amazon has spent hundreds of millions of dollars in detecting and combating the sale of counterfeit goods and fraudulent behavior.  (Ariwaodo Decl. ¶ 11.)  Amazon employs more than 3,000 people and spent over $200 million in 2020 alone to detect and combat the sale of inauthentic and defective products.  (*Id*.)  In addition, Amazon uses sophisticated technology that identifies reliable signals of counterfeiting and then requires flagged sellers to establish the legitimacy of their supply chain, generally by providing valid invoices from the product manufacturer or authorized distributors, as required by the BSA and incorporated policies.  (*Id*.)

Amazon's investigation uncovered that Plaintiffs used their seller account to sell inauthentic or counterfeit goods in violation of Amazon's policies, and Amazon blocked the account as a result.  (*Id*. ¶ 12.)  Specifically, Amazon's policies requires sellers to only sell "authentic products."  (*Id*. ¶ 13, Exs. C & D.)  Additionally, the policies require that all sellers "provide records about the authenticity of [their] products if Amazon requests that documentation."  (*Id*. ¶ 13, Ex. C.)

### F.   Plaintiffs Ignores Its Agreement to Arbitrate and Files Suit.

Plaintiffs filed this action on October 11, 2023, in the Superior Court of the State of California for the County of Santa Clara.  The Complaint includes claims for breach of contract, fraud, negligence, unjust enrichment, violations of federal and state consumer protection laws, and antitrust violations allegedly arising from Plaintiffs' distributor relationship with Amazon.. (Compl. at 2-14.)  Plaintiffs concede they "entered a contract" with Amazon when they "agreed to Amazon's policies and procedures for selling on its online marketplace," i.e., the BSA (*id.* at 2), and seek to enforce the terms of the BSA (*id.* at 3), alleging that Amazon breached this contract by withholding money and terminating their account (*id.* at 2-4).  Amazon now moves to compel arbitration pursuant to the parties' arbitration agreement in the BSA.

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

## III.    ARGUMENT

### A.    The FAA Requires Enforcement of Arbitration Agreements.

The FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  "The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'"  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989)).

The FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution."  *KPMG LLP v. Cocchi*, 565 U.S. 18, 25 (2011) (*per curiam*) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).  And the Supreme Court has repeatedly emphasized that "courts must 'rigorously enforce' arbitration agreements according to their terms."  *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 228 (2013).  This "national policy favoring arbitration" necessarily supersedes "state [law] attempts to undercut the enforceability of arbitration agreements."  *Preston v. Ferrer*, 552 U.S. 346, 353 (2008).

The FAA applies to this action because the transactions at issue involve interstate commerce.  *See* 9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 105 (2001); *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1129 (C.D. Cal. 2006).  Defendant is an entity incorporated in Delaware (*see* Compl. at 1) with its principal place of business in Washington (Ariwaodo Decl. ¶ 14).  Plaintiffs are California residents (Compl. at 1) who engaged in the sale of products in the Amazon.com store to customers throughout the country.  (*See* Ariwaodo Decl. ¶ 5.)  The FAA also applies because the parties' contract expressly provides for the application of "the Federal Arbitration Act."  (Ariwaodo Decl. ¶ 6, Ex. B ¶ 18.)  *See Hofer v. Emley*, 2019 WL 4575389, at *11 (N.D. Cal. Sept. 20, 2019) (FAA applies where agreement's choice-of-law provision "states that arbitration under the Agreement is governed by the FAA"); *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1064 (S.D. Cal. 2015) (applying FAA based on choice-of-law provision in Amazon arbitration agreement).  Under the FAA and controlling federal law, Plaintiff must arbitrate its claims.

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

**B.      The Court Should Compel Arbitration of Plaintiffs' Claims.**

On this motion to compel arbitration, "[t]he court's role under the [FAA] is … limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  When both elements exist, as here, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985)) (citing 9 U.S.C. §§ 3, 4) (emphasis in original).  Both conditions are met here:  (1) Plaintiffs agreed to arbitrate their disputes and (2) the broad arbitration agreement encompasses this dispute, and any issues of arbitrability have been delegated to the arbitrator.  Plaintiffs therefore should be compelled to arbitrate their claims against Amazon as they agreed.

**1.      The Parties Agreed to Arbitrate Their Claims.**

In determining whether the parties agreed to arbitrate, courts "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).  Under governing Washington law,[3] contracts formed online where parties must click a button stating they agree to the contract terms (i.e., clickwrap agreements) are enforceable like any other contract.  *See, e.g.*, *Doe v. Project Fair Bid Inc.*, 2011 WL 3516073, at *4 (W.D. Wash. Aug. 11, 2011) ("This kind of 'clickwrap' agreement has been upheld in several cases in this circuit and elsewhere."); *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2-3, 6

---

[3] The BSA contains a choice-of-law provision designating Washington law.  (Ariwoado Decl. ¶ 6, Ex. B ¶ 18.)  A "federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits."  *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1167 (N.D. Cal. 2016).  Under California's choice-of-law rules, the Court should honor the parties' choice-of-law if the chosen law bears a "substantial relationship to the parties or their transaction" and does not violate a "fundamental policy" of California.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009) (citing *Hughes Elecs. Corp. v. Citibank Del.*, 120 Cal. App. 4th 251 (2004)).  Because Amazon's principal place of business is in Washington (Ariwoado Decl. ¶ 15.), a "substantial relationship" exists to the chosen law.  *See Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*, 40 F. Supp. 3d 1191, 1197-98 (N.D. Cal. 2014) (collecting cases holding party has a "substantial relationship" to its state of domicile or incorporation); *Brinkley v. Monterey Fin. Servs., Inc.*, 242 Cal. App. 4th 314, 328-29 (2015) (enforcing Washington choice of law in contract involving Washington party).  In any event, California law is in accord with Washington law on contract formation issues.  *See id.*

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

1   (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement because plaintiff "manifested his

2   assent to the License Agreement by 'clicking' the appropriate box"); *Riensche v. Cingular*

3   *Wireless, LLC*, 2006 WL 3827477, at *2 (W.D. Wash. Dec. 27, 2006) (compelling arbitration

4   where plaintiff "was required to agree to the Terms online").

5          The law is the same across the country and, in particular, "courts throughout this circuit

6   have consistently upheld arbitration provisions contained in clickwrap agreements." *In re Wyze*

7   *Data Incident Litig.*, 2020 WL 6202724, at *2 (W.D. Wash. Oct. 22, 2020); *see, e.g., In re*

8   *Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1165 (N.D. Cal. 2016) ("[C]ourts

9   generally find that clickwrap agreements are enforceable[.]"); *Huff v. Liberty League Int'l, LLC*,

10  2009 WL 1033788, at *8 (C.D. Cal. Apr. 4, 2009) ("[C]ourts across the country have enforced

11  so-called 'clicking agreements' that contain arbitration clauses[.]"); *U.S. v. Drew*, 259 F.R.D.

12  449, 462 n. 22 (C.D. Cal. 2009) ("Clickwrap agreements have been routinely upheld by circuit

13  and district courts.") (citation omitted).

14         Plaintiffs agreed to the BSA by enrolling as a seller in the Amazon.com store.  (*See supra*

15  § III.A-D.)  In particular, Plaintiffs provided sign-up information and clicked the box confirming

16  they had "read and accepted" the terms and conditions of the BSA.  (Ariwaodo Decl. ¶ 4, Ex. A.)

17  Plaintiffs could not have signed up for an Amazon seller account without agreeing to the BSA

18  and its mandatory arbitration provision, which governs all third-party sellers.  (*Id.*)  The BSA

19  accepted by Plaintiffs sets forth an arbitration agreement, in bolded text, in which Plaintiffs

20  agreed that "**any dispute with Amazon … or claim relating in any way to this Agreement or**

21  **your use of the Services will be resolved by binding arbitration**."  (*Id.* ¶ 7; Ex. B ¶ 18.)

22         Plaintiffs admit they accepted the BSA, specifically alleging in their Complaint that

23  "**Amazon entered a contract with Spring Design LLC** [Plaintiffs' seller account] when Spring

24  Design LLC agreed to Amazon's policies and procedures for selling on its online marketplace."

25  (Compl. at 2 (emphasis added).)  Plaintiffs also asserts a breach of contract claim against

26  Amazon based on the BSA (*id.* at 2-3.), further conceding the BSA is an enforceable contract

27  between the parties.

28         Ninth Circuit courts have enforced the BSA's arbitration agreement in analogous

    situations, compelling arbitration of claims by sellers, like Plaintiffs here, against Amazon

7

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

relating to their seller accounts.  *See Peters v. Amazon Services, LLC*, 2 F. Supp. 3d 1165, 1170-72 (W.D. Wash. 2013), *aff'd*, 669 F. App'x 487 (9th Cir. 2016); *see also Shenzen Shileziyou Techs. Co. Ltd. v. Amazon.com, Inc*., 2021 WL 5848062, at *3 (N.D. Cal. 2021); *Unicorn Global, Inc. v. Golabs, Inc.*, 2021 WL 4712715, at *2 (N.D. Tex., 2021); *Gilbert Enters., Inc. v. Amazon.com*, 2019 WL 6481697, at *4 (C.D. Cal. Sept. 23, 2019).

In *Peters*, which involved third-party sellers like Plaintiffs, the district court held that plaintiffs accepted the BSA and agreed to its arbitration clause when they registered as Amazon sellers.  *See* 2 F. Supp. 3d at 1170-72.  The court therefore compelled arbitration under the BSA, explaining: "There is no dispute that Plaintiffs agreed to the BSA," because "neither [plaintiff] could have opened their accounts without agreeing to the BSA."  *Id*. at 1170.  In affirming, the Ninth Circuit found that the plaintiffs "agreed to [the BSA], which contains an unambiguous agreement to arbitrate '[a]ny dispute ... or claim relating in any way' to the BSA or use of Amazon's services.  The BSA, as 'a contract evidencing a transaction involving commerce,' is subject to the FAA and must be enforced."  669 F. App'x at 488.

The same result is warranted here.  As in *Peters*, Plaintiffs affirmatively assented to the BSA when registering for a seller account (*see* Ariwoado Decl. ¶¶ 4-6, Exs. A & B), as Plaintiffs themselves admit.  (*See* Compl. at 2 (admitting that "Amazon entered a contract with Spring Design LLC [Plaintiffs' seller account] when Spring Design LLC agreed to Amazon's policies and procedures for selling on its online marketplace")  In accepting the terms of the BSA, Plaintiffs agreed to arbitrate "any dispute" with Amazon.  (Ariwoado Decl. ¶ 7, Ex. B ¶ 18.)

By filing suit against Amazon in the California state court for breach of contract, Plaintiffs conceded that the BSA is enforceable.  But they ignored the binding arbitration agreement contained in that document.  Plaintiffs centered their claims on Amazon's purported violation of the BSA—the very agreement that explicitly requires arbitration of this dispute.  (Compl. at 2-3.)  Plaintiffs cannot assert claims for breach of the BSA and admit the BSA governs their relationship with Amazon, while at the same ignoring the BSA's arbitration agreement.  *See, e.g., Richardson v. Taylor Land & Livestock Co.*, 25 Wn. 2d 518, 532 (1946) ("There can be no recovery of damages for breach of contract unless there is an enforceable contract, and unless there is such valid contract, there can arise no action for its breach.").

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

The Court therefore should compel arbitration and enforce the BSA according to its terms as required under the FAA.

## 2. The Arbitration Agreement Covers This Dispute.

### a. Plaintiffs Delegated Issues of Arbitrability to the Arbitrator.

"[I]f a valid [arbitration] agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue," and must compel arbitration. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528, 530 (2019). When parties "by clear and unmistakable evidence" delegate issues of arbitrability to an arbitrator, "the courts must respect the parties' decision as embodied in the contract" and send the issue to the arbitrator to decide. *Id.* at 528, 530. "Refusing to allow an arbitrator to decide" a threshold question of arbitrability in these circumstances would "run[] counter to the Supreme Court's clear instructions" in *Henry Schein*, "even if [the Court] think[s] the answer is obvious." *Brice v. Plain Green, LLC*, 2021 WL 4203337, at *11 (9th Cir. Sept. 16, 2021); *see also LeBoeuf v. Nvidia Corp.*, 833 F. App'x 465, 467 (9th Cir. 2021) ("the Supreme Court requires enforcement of [delegation] clauses"). The undisputed delegation here leaves the Court with "no power to decide the arbitrability issue" and requires an order compelling this case into arbitration. *Henry Schein*, 139 S. Ct. at 529.

An arbitration agreement "clearly and unmistakably" delegates arbitrability to the arbitrator when it incorporates arbitration rules that give the arbitrator the authority to decide arbitrability. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Specifically, under Ninth Circuit law, "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Id.*; *accord Johnson v. Maker Ecosystem Growth Holdings, Inc.*, 2020 U.S. Dist. LEXIS 176923, at *4 (N.D. Cal. Sept. 25, 2020) ("[T]he arbitration clause incorporates the AAA rules, and, pursuant to those rules, the arbitrability of any claim is delegated to the arbitrator"). And the Ninth Circuit is not alone in this holding: "Virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013); *see also Gerlach v. Tickmark Inc.*, 2021 WL 3191692, at *5 (N.D. Cal.

AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

July 28, 2021) ("[W]hether the arbitration agreement is valid and whether this dispute falls within its scope are questions for the arbitrator, not this Court, to decide").

The BSA's arbitration agreement that Plaintiffs accepted expressly incorporates the AAA rules, providing: "The arbitration will be conducted by the American Arbitration Association (AAA) under its commercial rules." (Ariwaodo Decl. ¶ 9, Ex. B ¶ 18.)  Ninth Circuit precedent thus requires an arbitrator to decide any arbitrability challenges Plaintiffs might raise.  The Court should compel arbitration for that reason alone.

### b.    Plaintiffs' Claims Fall Within the Scope of the Agreement.

Even if the Court were to consider the scope of the BSA's arbitration agreement despite the parties' clear and unmistakable delegation to the arbitrator, Plaintiffs' claims fall squarely within the BSA's broad arbitration agreement.

Once a court finds an arbitration agreement binds the parties, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).  Even "the most minimal indication of the parties' intent to arbitrate must be given full effect, especially in international disputes." *Republic of Nicaragua v. Std. Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).  This federal policy favoring arbitration "applies with special force in the field of international commerce" because of courts' "sensitivity to the need of the international commercial system for predictability in the resolution of disputes." *Mitsubishi Motors*, 473 U.S. at 629.

Further, "[t]he presumption of arbitrability is particularly applicable where the arbitration clause is broad." *Fordjour v. Washington Mut. Bank*, 2008 WL 295092, at *2 (N.D. Cal. Feb. 1, 2008).  "In the absence of any express provision excluding a particular grievance from arbitration … only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T Techs.*, 475 U.S. at 650 (citation omitted).  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Plaintiffs' claims fall squarely within the broad arbitration agreement they accepted. That agreement encompasses "**any dispute with Amazon or its Affiliates or claim relating in**

10
AMAZON'S RENEWED MOTION TO COMPEL ARBITRATION

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

1   **any way to this Agreement or your use of [Amazon's] Services**." (Ariwaodo Decl. ¶ 7, Ex. B

2   ¶ 18.) As the Ninth Circuit recognizes, "all disputes" clauses of this sort are "broad and far

3   reaching" in scope, *Chiron Corp.*, 207 F.3d at 1131, and are "routinely used … to secure the

4   broadest possible arbitration coverage," *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir.

5   1993). Such clauses require arbitration of all disputes that "touch matters" covered by the

6   parties' contract. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

7       The claims alleged by Plaintiffs reflect their "dispute with Amazon" and relate to the

8   BSA and their use of Amazon's services—namely, their selling account on Amazon and the

9   related services Amazon provides. Plaintiffs allege that Amazon breached the BSA (*see* Compl.

10  at 2-3), a dispute that arises under and relates to that agreement. Plaintiffs' remaining claims

11  challenge Amazon's enforcement actions against their seller account for violating Amazon's

12  policies (*id.* at 3-14), all of which directly relates to their use of Amazon's services. The

13  arbitration agreement thus covers their claims.

14      Indeed, the district court in *Peters* ruled in indistinguishable circumstances that the

15  BSA's broad arbitration agreement specifically applied to disputes with Amazon sellers based on

16  their use of Amazon's services, including challenges to fund remittances, which underlie all

17  Plaintiffs' claims here. *See* 2 F. Supp. 3d at 1173 (noting that "the BSA's arbitration provision is

18  broad, applying to <u>any</u> dispute between the parties" and "BSA's arbitration clause clearly covers

19  Plaintiffs' claims because they directly relate to their use of Amazon's services."). Likewise, if

20  the Court reaches the issue, it should find that the BSA applies to this dispute.

21          **c.       Plaintiffs Cannot Avoid Its Agreement to Arbitrate.**

22      The Court should similarly avoid deciding threshold issues of enforceability, which the

23  parties have designated to the arbitrator under the BSA. *See Henry Schein*, 139 S. Ct. at 530;

24  *LegalForce RAPC Worldwide, P.C. v. LegalZoom.com, Inc.*, 2018 WL 1730333, at *4 (N.D. Cal.

25  Apr. 10, 2018) ("only the arbitrator, not the Court, may consider a challenge to the validity of the

26  Terms of Service"). In any case, even if Plaintiffs were to challenge the arbitration agreement's

27  enforceability, and even if the Court were to consider that challenge, Plaintiffs could not carry

28  their burden of proof. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000) (party

opposing arbitration bears the burden); *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wash. 2d 781,

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

797 (2009) (same).  To the contrary, the Complaint actually concedes the BSA's validity and attempts to selectively enforce some of its terms, while ignoring the BSA's binding arbitration requirement.  (*See* Compl. at 1-2.)

### C.    The Court Should Dismiss This Action.

Courts applying the FAA in the Ninth Circuit dismiss cases after compelling arbitration when the moving party requests dismissal pursuant to 9 U.S.C. §§ 3-4.  *See, e.g.*, *Castaldi v. Signature Ret. Servs., Inc.*, 2016 WL 7042991, at *1 (N.D. Cal. Jan. 20, 2016) (dismissing action where "all of the claims asserted in [the] case must be arbitrated, leaving no claims to be resolved following arbitration"); *Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, at *10 (N.D. Cal. June 11, 2014) ("[B]ecause the Court finds that all the issues in this case are arbitrable … the case will be dismissed.") (collecting cases).  Because the parties' arbitration agreement encompasses all of Plaintiffs' claims, this Court should compel arbitration and dismiss Plaintiffs' Complaint in its entirety.

## IV.    CONCLUSION

Plaintiffs agreed to arbitrate their claims against Amazon.  Plaintiffs concedes that they entered an agreement with Amazon when registering to sell in the Amazon.com store, and that agreement contains a mandatory arbitration provision delegating all disputes, including threshold issues of arbitrability, to the arbitrator.  The FAA directs that the agreement must be enforced.  Respectfully, the Court must therefore compel arbitration and dismiss this action so that the parties may proceed in arbitration.

DATED: January 30, 2024                    DAVIS WRIGHT TREMAINE LLP

                                           By:  /s/ Mark C. Burnside
                                               Mark C. Burnside

                                           *Attorneys for Defendant*
                                           *Amazon.com, Inc.*

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax

## PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 30, 2024, I served the foregoing document(s) described as:

**DEFENDANT AMAZON'S NOTICE OF MOTION AND RENEWED MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Mehmet Goceri                                      Telephone: (949) 336-2739
Tugba Goceri
4350 Will Roger Drive
San Jose, CA  95129


I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on January 30, 2024, at Los Angeles, California.

☐      Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          _____
Shari Sanders                                              *Shari Sanders*
Print Name                                                  Signature

Davis Wright Tremaine LLP
LAW OFFICES
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800 main · (213) 633-6899 fax